## ALBION LUMBER COMPANY v. CALIFORNIA BRIDGE AND CONSTRUCTION COMPANY et al.

Court of Appeal, First District; September 13, 1905.

82 Pac. 631.

**Appeal—Conflicting Evidence.—Findings of the Trial Court on** a question of fact, based on conflicting evidence, will not be disturbed on appeal.

APPEAL from Superior Court, City and County of San Francisco; J. M. Seawell, Judge.

Action by the Albion Lumber Company against the California Bridge and Construction Company and others. From an order denying defendant's motion for a new trial they appeal. Affirmed.

W. Lair Hill for appellants; Albert H. Elliot and Edward H. Stearns for respondent.

HALL, J.—Appeal from order denying defendant's motion for a new trial. The motion was made on the ground of insufficiency of the evidence to justify certain findings. The labor of the court in this case is very greatly reduced by the frank admission on the part of the counsel for appellant that upon all points save one.there was a substantial conflict of testimony. The suit is to recover a balance of $486.04 alleged to be unpaid upon an account for lumber furnished defendant by plaintiff for certain work done by defendant at San Rafael. The defendant claims that the court should have allowed defendant a credit for $183.92, loss upon cer-

tain piles furnished defendant by plaintiff, through one Pierce, for a job done by defendant near Fresno.

Upon this point the testimony of A. W. Burrell was to the effect that plaintiff agreed to furnish for the Fresno job, among other things, piles; that before the piles were shipped defendant was to have been notified, so that the piles might be inspected at San Francisco; that defendant was so notified, save as to two carloads, twenty-four piles in number, and that after the shipment of these two carloads, and before delivery at Sanger (a point near Fresno), it was discovered that they were not according to the description of piles which were to be furnished, and thereupon he notified McIntyre (the representative of the plaintiff) and asked to have the piles returned and suitable piles put in their place; that McIntyre said it would not pay to ship them back there (San Francisco), and directed him to sell them to the best advantage he could, or make such use of them as the company could make, and the Albion Lumber Company would "stand the loss." The witness further testified as to what he did do with the piles in question, and to the effect that it resulted in a loss of $183.92. On this point, however, the testimony of McIntyre, who represented the plaintiff, is set forth as follows: "The lumber and piles sold to Pierce [referring to the lumber and piles furnished defendant for the Fresno job] were all shipped as ordered, and were all inspected in San Francisco before being shipped, and were all of the character ordered, and no objection was ever made thereto. The witness denied that he ever directed Mr. Burrell to sell or use any defective piles, or ever stated that the Albion Lumber Company would stand any loss for defective piles, and denied that A. W. Burrell, or the California Bridge & Construction Company, or C. C. Pierce ever made any claim for defective piles." There is thus a direct conflict between the testimony of Burrell and McIntyre upon the question at issue. We cannot interfere with the decision of the trial court upon a question of fact, where there is a substantial conflict in the evidence.

The order denying a motion for a new trial is affirmed.

We concur: Harrison, P. J.; Cooper, J.